UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS PATRICK BIRD, JR.,

        Petitioner,         Case Number: 2:16-CV-12973
                                               HONORABLE VICTORIA A. ROBERTS
v.

PAUL KLEE,

        Respondent.
                                        /

## ORDER DENYING PETITIONER'S
## MOTION FOR DISCOVERY (ECF NO. 9),
## MOTION TO EXPAND THE RECORD (ECF NO. 11), AND
## MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 10)

Petitioner Dennis Patrick Bird, Jr., has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for four counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Now before the Court are Petitioner's Motion for Discovery Pursuant to Rule 6, Motion to Expand the Record Pursuant to Rule 7, and Motion for Appointment of Counsel.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a district court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). Rule 7 of the Rules Governing Section 2254 Cases permits a court to allow the parties to expand the record by "submitting additional materials relating

to the petition." The decision whether to allow expansion of the record under Rule 7 is left to the discretion of the district court. *Landrum v. Mitchell*, 625 F.3d 905, 923 (6th Cir. 2010). But when a petitioner seeks habeas relief on a claim that has been "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d)(1), federal court review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Petitioner's claims were adjudicated on the merits in state court. The Court's review is, therefore, limited to the record before the Court and the motions will be denied.

Petitioner also seeks the appointment of counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel.

Accordingly, the Court DENIES Petitioner's Motion for Discovery (ECF No. 9), Motion to Expand Record (ECF No. 11), and Motion for Appointment of Counsel (ECF No. 10).

SO ORDERED.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2017