UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS PATRICK BIRD, JR.,

        Petitioner,                        Case Number: 2:16-CV-12973
                                                      HONORABLE VICTORIA A. ROBERTS
v.

PAUL KLEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Dennis Patrick Byrd, Jr., a prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his convictions for four counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Respondent argues that the petition should be denied because several claims are procedurally defaulted, and all of the claims are without merit.

The Court denies the petition.

**I.    Background**

Petitioner was charged in three separate cases filed in Kent County Circuit Court with sexually assaulting his two daughters and a niece. The cases were joined for one trial. The Michigan Court of Appeals summarized the testimony presented at trial:

    In LC No. 11-007338-FC, the victim [Petitioner's niece, T.P.] testified that

when she was 14 years old, defendant rubbed her legs, pulled her pants down, and rubbed his penis up and down the outer lips of her vagina. In LC No. 11-007445-FC, the victim [Petitioner's daughter, D.B.] testified that when she was 12 years old, defendant put his penis into her vagina. She testified that when she turned 13, defendant put his mouth on her vagina. In LC No. 11–010105–FC, the victim [Petitioner's daughter, V.B.] testified that when she was less than 13 years old, defendant attempted to put his penis in her vagina and managed to put his penis "beyond the lips" and "in the crevice," but she told defendant to stop because it hurt. The victim further testified that defendant put his mouth and tongue on the outer lips of her vagina.

*People v. Bird*, No. 312874, 2013 WL 6480928, *1 (Mich. Ct. App. Dec. 10, 2013).

Petitioner was convicted by a Kent County Circuit Court of second-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520c(1)(b)(ii), as to victim T.P.; two counts of first-degree CSC, Mich. Comp. Laws § 750.520b(1)(a) and Mich. Comp. Laws § 750.520b(1)(b)(ii), as to victim D.B.; and two counts of first-degree CSC, Mich. Comp. Laws § 750.520b(1)(a), as to victim V.B. The trial court sentenced defendant to 5 to 15 years for second-degree CSC, consecutive terms of 25 to 75 years and 20 to 60 years for two counts of first-degree CSC in the case involving D.B., and to 15 to 60 years for each first-degree CSC conviction in the case involving V.B.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) insufficient evidence supported Petitioner's convictions; (ii) *Brady* violation; and (iii) ineffective assistance of counsel. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Bird*, No. 312874, 2013 WL 6480928, *1 (Mich. Ct. App. Dec. 10, 2013). The Michigan Supreme Court denied leave to appeal. *People v. Bird*, 496 Mich. 860 (2014).

Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) *Brady* violation; (ii) prosecutor knowingly elicited false testimony; and (iii) cause and prejudice established. The trial court denied the motion. *See* 4/21/2015 Order, ECF No. 14-12. The Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People v. Bird*, No. 327432 (Mich. Ct. App. Aug. 27, 2015), as did the Michigan Supreme Court, *People v. Bird*, 499 Mich. 983 (Mich. 2016).

Petitioner later filed a petition for a writ of habeas corpus in the trial court. He argued that the trial court lacked jurisdiction over him because the warrant and complaint were issued without probable cause. The trial court denied the petition. *See Bird v. Gus Harrison Correctional Facility*, No. 335468, 2017 WL 4518752 (Mich. Ct. App. Oct. 10, 2017). Petitioner filed a motion for relief from judgment which the trial court treated as a motion for reconsideration of its denial of his petition and denied the motion. *See id.* The Michigan Court of Appeals affirmed the trial court's decision. *Id.*

Petitioner then filed this habeas corpus petition. He raises these claims:

I. Was there sufficient evidence proven by the prosecution beyond a reasonable doubt that the [petitioner] was guilty of two counts of criminal sexual conduct first degree as to [D.B.] and [V.B.], and one count of criminal sexual conduct second degree as to [T.P.]?

II. Did the prosecutor violate Petitioner's due process rights by failing to disclose exculpatory information favorable to the defendant that would have created a reasonable probability of a different outcome?

III. Defense trial counsel was constitutionally ineffective for failing to object to the detective in charge of the case improperly giving opinion testimony on Petitioner's guilt and for failing to cross examine witness.

IV. The prosecutor violated Petitioner's state and federal constitutional rights to due process by failing to disclose exculpatory or impeachment evidence which could have been favorable to his defense.

V. Petitioner was denied his state and federal constitutional right to a fair trial and due process where the prosecution knowingly elicited and used false testimony in order to secure the conviction.

VI. Petitioner satisfies the cause and prejudice standard set forth in 6.508(D) in each of the above arguments by showing constitutionally ineffective assistance of both trial and appellate counsel, in violation of the sixth amendment right to effective assistance of counsel and fourteenth amendment due process clause.

## II. Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (per curiam) (*quoting Williams v. Taylor*, 529

U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).

For a state court's application of Supreme Court precedent to be "'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of

5

an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir.2003).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

### A. Sufficiency of the Evidence

Petitioner seeks habeas relief on the ground that the prosecution presented insufficient evidence to sustain his convictions. He argues the evidence was insufficient because no physical evidence supported the allegations of sexual assault and because D.B. and V.B. initially denied the assaults occurred.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On habeas review, "[t]wo layers of deference apply to ... claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Second, if the Court

were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

A person is guilty of first-degree criminal sexual conduct under Michigan law, when the person "engages in sexual penetration with another person," and the "other person is under 13 years of age." *Bird,* 2013 WL 6480928 at *2  A person is also guilty of first-degree CSC when the "other person is at least 13 but less than 16 years of age," and "the actor is related to the victim by blood or affinity to the fourth degree." *Id.* (citing Mich. Comp. Laws § 750.520b(1)(b)(ii)).  Sexual penetration includes "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body ..." *Id.* (citing Mich. Comp. Laws § 720.520a®).

Under Mich. Comp. Laws § 750.520c(1)(b)(ii) a person is guilty of second-degree criminal sexual conduct when he "engages in sexual contact" with a person, "[t]hat other person is at least 13 but less than 16 years of age," and "[t]he actor is related by blood or affinity to the fourth degree to the victim." *Bird,* 2013 WL 6480928 at *1.  Sexual conduct is defined as "the intentional touching of the victim's or actor's intimate parts ... if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner." *Id.* (citing Mich. Comp. Laws § 720.520a(q)).

The Michigan Court of Appeals held the prosecutor presented sufficient evidence

7

for a jury to find Petitioner guilty beyond a reasonable doubt with respect to all three victims. The Michigan Court of Appeals relied on the testimony of each of the victims which, if believed, established each of the elements of the charged crimes.

Petitioner argues that the Michigan Court of Appeals' decision is unreasonable because a doctor who examined the victims found no physical evidence of sexual assault and because two of the victims initially denied the assaults. First, the absence of physical evidence does not render the convictions invalid. The Court will not "re-evaluate the credibility of witnesses" on habeas review. *Brown,* 567 F.3d at 205. The jury obviously found the victims credible and the victims' testimony, by itself, is constitutionally sufficient to sustain a conviction. *Tucker v. Prelesnik,* 541 F.3d 652, 658-59 (6th Cir. 2008). In addition, although Dr. Cheryl Tamburello (testifying as an expert in the physical manifestations of child sexual abuse) did not find any physical manifestations of child sexual abuse in T.P. or D.B., she also explained that physical manifestations are usually not evident. Finally, D.B. and V.B. each explained initially denying any abuse occurred because they feared their father.

The evidence relied upon by the Michigan Court of Appeals supports its decision on the sufficiency of the evidence. According the state court's findings of fact a presumption of correctness and reviewing the trial testimony as a whole, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain the convictions did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas corpus relief is denied.

## B. Alleged *Brady* Violations (Claims II and IV)

Petitioner next claims that the prosecutor failed to disclose letters he wrote to his daughters from jail, two police reports, and videotaped interviews of two witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[1]

In *Brady v. Maryland*, 373 U.S. 83, 87 (1967) the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." To demonstrate a *Brady* violation, (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently;" and (3) "prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

First, Petitioner alleges that the prosecution failed to disclose several letters he

---

[1] Respondent argues that portions of this claim and several other claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

9

wrote to his daughters from jail. Two letters written to his daughters were admitted a trial. Petitioner argues that the additional letters could have been used to undercut the prosecution's theory that he tried to cover up the abuse and to impeach the victims' testimony. The Michigan Court of Appeals held that Petitioner failed to provide a factual basis for his claim. The court of appeals held: "Nothing in the record establishes that the evidence was favorable to defendant, that defendant did not possess the letters ..., that defendant could not have obtained the evidence himself with any reasonable diligence, or that the prosecution suppressed the ... letters." *Bird*, 2013 WL 6480928 at *2.

Petitioner's first *Brady* claim fails. Petitioner does not show that the letters were favorable to the defense. The letters were not part of the record before the Michigan Court of Appeals, but Petitioner attaches them to his petition. *See* Pet. Exs. XX & VV, ECF No. 1, Pg. ID 22-33.

The Court need not decide whether these letters may be considered on habeas review because even if they are properly before the Court, Petitioner fails to state a *Brady* claim. The letters are not exculpatory. In the letters, Petitioner admits to mental health difficulties over four to five years, apologizes for "doing bad things", and asks his daughters to change their stories. (*See* ECF No. 1, Pg. ID 26) The letters are not markedly different in substance or tone from the letters admitted at trial. In addition, there is no evidence that the prosecution suppressed the letters or that Petitioner could not have obtained them. The Michigan Court of Appeals did not unreasonably apply *Brady* in denying this claim.

Petitioner's claim regarding the police reports and videotaped interviews is similarly meritless. His argument is vague and confusing. Petitioner fails to specify what the reports and interviews may have contained or how the information was material or exculpatory. Before trial commenced, the trial court discussed videotaped interviews and noted that the tapes were in the courtroom and available for the defense to review. There is no indication on the record that the tapes omitted any requested, relevant interviews or that the defense was not provided an opportunity to review them. Without more, the Court cannot conclude that the state courts unreasonably applied *Brady* in denying this claim.

### C. Ineffective Assistance of Trial Counsel (Claim III)

In his third claim, Petitioner argues that trial counsel was ineffective in failing to: (i) object to the prosecutor's comments regarding sexual abuse of Petitioner's son, (ii) object to improper opinion testimony, and (iii) cross-examine a witness.

An ineffective assistance of counsel claim has two components. *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Id.* at 687. To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. Id. at 694.

First, Petitioner argues that counsel should have objected to the prosecutor's statement that Petitioner's ex-wife knew the allegations against Petitioner were true because she already pleaded guilty to abusing their son, Z.B. The prosecutor made this statement outside the presence of the jury. (*See* 8/29/2012 Tr. at 48-49) Defense counsel was not ineffective in failing to object to a statement made outside the jury's presence.

Next, Petitioner argues that counsel was ineffective in failing to object when Detective David Schmuker gave an opinion on Petitioner's guilt. Detective Schmuker testified that he had a "strong suspicion" that Petitioner's daughter "could be being abused." 8/29/2012 Tr. at 104. The Michigan Court of Appeals held that counsel was not ineffective in failing to object to this testimony because the detective was testifying "regarding the events that led to defendant's arrest and did not express an opinion regarding the guilt of defendant." *Bird*, 2013 WL 6480928 at *3. This was a reasonable application of *Strickland*. Detective Schmuker's testimony, considered in context, explained the course and development of the police investigation. A suspicion of illegal activity is an impetus for police investigation. Detective Schmuker's testimony that the suspicion in this case led to further investigation was not improper. Counsel, therefore, was not ineffective for failing to object.

Finally, Petitioner argues that counsel was ineffective in failing to cross-examine Detective Schmuker. The Michigan Court of Appeals held that counsel's decision not to cross-examine Detective Schmuker was reasonable trial strategy because Petitioner failed to show any benefit from prolonging the damaging testimony. *Bird*, 2013 WL 6480928 at

12

*3. Petitioner fails to identify a specific line of cross-examination defense counsel should have pursued. Instead, he makes a conclusory claim that counsel should have done more. This claim is insufficient to show that the state court's conclusion was contrary to or an unreasonable application of *Strickland*. Habeas review is denied on this claim.

### D. Prosecutorial Misconduct (Claim V)

Next, Petitioner claims that the prosecutor committed misconduct by knowingly presenting perjured testimony. He argues that Detective Schmuker falsified a police report and that D.B., V.B., and Michelle Rae (Petitioner's ex-wife) perjured themselves at trial by implicating Petitioner.

The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972) (citations and internal quotations omitted). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). In order to prove this claim, a defendant must show that (1) the evidence the prosecution presented was false; (2) the prosecution knew it was false; and (3) the false evidence was material. *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir.1992). Petitioner fails to satisfy any of these requirements.

Petitioner fails to substantiate his claim that Detective Schmuker falsified a police report with any evidence other than Petitioner's own allegations. Petitioner rests his argument on inconsistencies in D.B., V.B., and Michelle Rae's testimony.

Petitioner highlights certain inconsistencies in prosecution witnesses' testimony,

13

but fails to demonstrate that any of the testimony was false. For example, D.B. testified that she originally told police that Petitioner was not assaulting her. At trial, she explained that she denied the assault because she feared Petitioner. It was up to the jury to determine D.B.'s credibility (and the credibility of all witnesses). A prosecutor is not required to ensure that prosecution witnesses' testimony be free from all confusion, inconsistency, and uncertainty. The Michigan Court of Appeals' decision denying this claim was not an unreasonable application of Supreme Court precedent.

### E.  Ineffective Assistance of Appellate Counsel (Claim VI)

Petitioner claims that his appellate attorney was ineffective in failing to raise on direct appeal the claims raised in this habeas petition. A petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The claims raised in this petition and on collateral review in state court are meritless. Appellate counsel need not raise non-meritorious claims on appeal. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Accordingly, the Court will deny habeas corpus relief on this claim.

### F.  Petitioner's Motion to Amend

Also pending before the Court is Petitioner's motion to amend the petition, filed

14

over two years after he filed the original petition. Petitioner seeks to amend the petition to raise the following claims: (i) right to due process violated when Petitioner was not present at the preliminary hearing or circuit court arraignment; (ii) the trial court abused its discretion in imposing consecutive sentences; (iii) counsel was ineffective in failing to investigate and file pre-trial motions to quash and to dismiss; and (iv) counsel was ineffective for failing to establish Petitioner's actual innocence.

Federal Rule of Civil Procedure 15 allows amendments with leave of court at any time during a proceeding. *See Mayle v. Felix*, 545 U.S. 644, 654–55 (2005). In determining whether to grant leave to amend, a court should consider "'[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Under this liberal standard, a party's delay in seeking amendment is not a sufficient reason standing alone to deny a motion to amend. *Coe*, 161 F.3d at 341-42.

The claims Petitioner seeks to add by amendment are unexhausted. No state court remedy is available to Petitioner to exhaust these claims because he already filed a motion for relief from judgment in the state trial court and does not argue that the claims fall within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. Petitioner may, therefore, present these claims on federal habeas review only if he shows cause to excuse the default and actual prejudice or actual

innocence. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).

To the extent Petitioner asserts ineffective assistance of appellate counsel as cause to excuse the procedural default of these claims, the Court denies this claim. Ineffective assistance of appellate counsel does not excuse the failure to present a claim on collateral review in state court. *Id.* at 1196. Petitioner fails to offer any new evidence to show his actual innocence.

Because these claims are procedurally defaulted, it would be futile to allow Petitioner to amend his petition to add these defaulted claims and the motion will be denied. *See Wiedbrauk v. Lavigne*, 174 Fed. App'x 993, 1001 (6th Cir.2006).

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court denies a certificate of appealability.

### V. Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED**

and the matter is **DISMISSED WITH PREJUDICE.**

Petitioner's motion to amend (ECF No. 16) is **DENIED**.

**SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE: 9/16/19